UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| DIANA WALTER | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 1:11-CV-00166 |
| CMRE FINANCIAL SERVICES, INC., | ) ) ) |
| Defendant. | ) ) |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

DIANA WALTER, ("Plaintiff"), through the undersigned counsel, Dave Lilley, alleges the following against CMRE FINANCIAL SERVICES, INC., ("Defendant"):

### INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Diana Walters an individual consumer, against defendant CMRE Financial Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Texas Debt Collection Practices Act, § 392 *et seq.* (hereinafter "TDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Diana Walters is a natural person residing in Beaumont, Texas.

4. Defendant, CMRE Financial Services, Inc. is a corporation engaged in the business of collecting debt in this state with its principal place of business located at 3075 E. Imperial Hwy., Suite 200, Brea, CA 92821. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Defendant constantly and continuously placed excessive placed collection calls to Plaintiff in a manner that displays intent to annoy Plaintiff, including calls which were placed to Plaintiff both before 8 o' clock antemeridian and after 9 o' clock postmeridian, which are inconvenient times; seeking and demanding payment for an alleged consumer debt owed under an account number.

7. Upon information and belief, Defendant began placing collection calls to Plaintiff in March of 2011.

8. Upon information and belief, Plaintiff did not receive written notification from Defendant within five days of the initial communication that included the amount of the alleged debt that Defendant was attempting to collect.

9. Upon information and belief, Defendant has hung-up on Plaintiff during collection calls.

10. During collection calls, Defendant has threatened Plaintiff with wage garnishment, stating, "You need to pay the debt or we will be forced to garnish your wages."

11. To date, Defendant has not taken definite action to garnish Plaintiff's wages.

12. Upon information and belief, Defendant called Plaintiff at Plaintiff's place of employment, and was given knowledge of Plaintiff's work hours and that such calls both inconvenience Plaintiff and are prohibited by Plaintiff's employer.

13. Upon information and belief, Defendant continued to call Plaintiff afterwards while Plaintiff was at her place of employment.

14. Defendant utilized unfair and unconscionable means to try to get payments from Plaintiff, by continuing to call Plaintiff at work after Plaintiff asked Defendant not to.

15. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed.

## CLAIM FOR RELIEF

16. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff; and

   (b) Defendant violated *§1692e(4)* of the FDCPA by giving the representation or implication that nonpayment of any debt will result in the garnishment of the wages of Plaintiff, without intending to take said action; and

(c) Defendant violated *§1692g(a)(1)* of the FDCPA by failing to send written notification to Plaintiff that is received within five days of the initial communication, with said notification including the amount of the alleged debt that the Defendant was attempting to collect; and

(d) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(e) Defendant violated *§1692a(3)* by calling Plaintiff's place of employment with knowledge or the reason to know that the consumer's employer prohibits the consumer from receiving such communication, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction; and

(f) Defendant violated *§1692c(a)(1)* by calling Plaintiff in connection with the collection of the alleged debt both before 8 o'clock antemeridian and after 9 o'clock postmeridian, local time at the consumer's location, which are unusual times or places or times or places known or which should be known to be inconvenient to Plaintiff, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Diana Walter for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## **CLAIM FOR RELIEF**

19. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

20. Defendant violated TDCPA § 392. Defendant's violations of TDCPA § 392 include, but are not limited to the following:

    a) Defendant violated TDCPA § 392.302(4) by calling Plaintiff's telephone to ring repeatedly or continuously, and/or making repeated or continuous telephone calls to Plaintiff, with the intent to harass a person at the called number; and

    b) Defendant violated TDCPA § 392.302(4) by calling Plaintiff's telephone to ring at work repeatedly or continuously, or making repeated or continuous telephone calls to work, with the intent to harass a person at the called number.

21. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22. As a result of the above violations of the TDCPA § 392, Defendant is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendant CMRE Financial Services, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for Defendant's violations of TDCPA § 392.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Statutory damages pursuant to TDCPA § 392.

    E.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and TDCPA § 392.

    F.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff DIANA WALTER demands trial by jury in this action.

This 7th day of April, 2011.

                            ALEX SIMANOVSKY & ASSOCIATES, LLC

                            */s/ Dave Lilley*
                            Dave Lilley, Esq.
                            TX Bar No. 24035064
                            Attorney for Plaintiff

Alex Simanovsky & Associates, LLC
1912 Loop 11
Wichita Falls, TX 76306
Phone: 1-866-865-3666, Ext. 1056
Fax: 877-570-5413

Corporate Office Address:
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
Phone: (770) 414-1002, Ext. 1012
Fax: (770) 414-9891