CMR.20815

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| DIANA WALTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:11-cv-00166 |
| | § | |
| CMRE FINANCIAL SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT CMRE FINANCIAL SERVICES, INC.'S ORIGINAL ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant, **CMRE FINANCIAL SERVICES, INC**. ("**CMRE FINANCIAL**"), hereby submits its Original Answer and Affirmative Defenses to the Original Complaint of Plaintiff **DIANA WALTER** ("Plaintiff"), and would state as follows:

## INTRODUCTION

1.  CMRE FINANCIAL denies each and every allegation contained in paragraph 1 of Plaintiff's Original Complaint.

## JURISDICTION AND VENUE

2.  CMRE FINANCIAL denies all of the allegations contained in paragraph 2 of Plaintiff's Original Complaint.

## PARTIES

3.  CMRE FINANCIAL has no knowledge with regard to the Plaintiff's status and thus is unable to either admit or deny the allegations concerning same contained in paragraph 3 of Plaintiff's Original Complaint.

4. CMRE FINANCIAL would admit its corporate status with its principal place of business located at 3075 E. Imperial Hwy, Suite 200, Brea, California 92981. CMRE FINANCIAL denies that at any time material hereto its principal purpose was to collect debts solely in the state of Texas.

5. CMRE FINANCIAL admits the allegations contained in paragraph 5 of Plaintiff's Original Complaint.

## FACTUAL ALLEGATIONS

6. CMRE FINANCIAL denies the allegations contained in paragraph 6 of Plaintiff's Original Complaint.

7. CMRE FINANCIAL denies that it began collection calls to the Plaintiff in March of 2011. Rather, CMRE FINANCIAL has been attempting to collect on several outstanding accounts past due and owing by the Plaintiff since 2008.

8. CMRE FINANCIAL denies the allegations contained in paragraph 8 of Plaintiff's Original Complaint.

9. CMRE FINANCIAL denies the allegations contained in paragraph 9 of Plaintiff's Original Complaint.

10. CMRE FINANCIAL denies the allegations contained in paragraph 10 of Plaintiff's Original Complaint.

11. CMRE FINANCIAL admits that it has not taken any action to garnish Plaintiff's wages.

12. CMRE FINANCIAL denies the allegations contained in paragraph 12 of Plaintiff's Original Complaint.

13. CMRE FINANCIAL denies the allegations contained in paragraph 13 of Plaintiff's Original Complaint.

14. CMRE FINANCIAL denies the allegations contained in paragraph 14 of Plaintiff's Original Complaint.

15. CMRE FINANCIAL denies that at any time its actions were the direct and proximate result of damages for which the Plaintiff sues.

## CLAIM FOR RELIEF

16. CMRE FINANCIAL denies each and every allegation contained in paragraph 16 of Plaintiff's Original Complaint.

17. CMRE FINANCIAL denies each and every allegation contained in paragraph 17, sub-parts a. through f. of Plaintiff's Original Complaint.

18. CMRE FINANCIAL denies that at any time its actions violated the Federal Debt Collection Practices Act ("FDCPA") or that such actions were the direct and proximate result of damages for which the Plaintiff sues.

## CLAIM FOR RELIEF

19. CMRE FINANCIAL denies each and every allegation contained in paragraph 19 of Plaintiff's Original Complaint.

20. CMRE FINANCIAL denies each and every allegation contained in paragraph 20, sub-parts a. through b. of Plaintiff's Original Complaint.

21. CMRE FINANCIAL denies that at any time its actions were done with the intent to coerce Plaintiff to pay the alleged debt.

22. CMRE FINANCIAL denies that at any time its actions violated the Texas Debt Collection Practices Act ("TDCPA") or that such actions were the direct and proximate result of damages for which the Plaintiff sues. CMRE FINANCIAL denies that Plaintiff is entitled to any relief in this suit.

## AFFIRMATIVE DEFENSES

23. CMRE FINANCIAL asserts the affirmative defense of the statute of limitations.

24. CMRE FINANCIAL asserts the defense that there is a lack of jurisdiction over the subject matter.

25. CMRE FINANCIAL asserts the affirmative defense of collateral estoppel.

26. CMRE FINANCIAL denies that it committed any violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Specifically, CMRE FINANCIAL did not knowingly violate any provision of the FDCPA. If, however, the trier of fact finds a violation of the FDCPA, which CMRE FINANCIAL specifically denies, then CMRE FINANCIAL affirmatively pleads that any action which the trier of fact may find to be a violation of the FDCPA was not committed knowingly.

27. CMRE FINANCIAL denies that it committed any violation of the Texas Debt Collection Practices Act ("TDCPA"), § 392. Specifically, CMRE FINANCIAL did not knowingly violate any provision of the TDCPA,. If, however, the trier of fact finds a violation of the TDCPA, which CMRE FINANCIAL specifically denies, then CMRE FINANCIAL affirmatively pleads that any action which the trier of fact may find to be a violation of the TDCPA was not committed knowingly. Plaintiff's damages may be proximately caused or contributed to by the negligence of someone other than CMRE FINANCIAL, and Plaintiff's claims should be barred or reduced to the extent of such negligence, if any.

28. Plaintiff may have failed to mitigate her alleged damages, thus barring or reducing recovery against CMRE FINANCIAL , if any.

29. For further answer, in the alternative, and by way of affirmative defense, CMRE FINANCIAL would show that applicable statutes place a limitation or "cap" on the statutory damages which Plaintiff seeks.

## RESERVATION OF ADDITIONAL DEFENSES

CMRE FINANCIAL reserves the right to plead as additional affirmative defenses, any of the items set forth in Rules 8(c) and 12, Fed.R.Civ.P., and any other matter constituting an avoidance or affirmative defense as the same may be revealed during disclosure and/or discovery proceedings in this matter.

**WHEREFORE, PREMISES CONSIDERED,** Defendant CMRE FINANCIAL SERVICES, INC. respectfully prays that Plaintiff take nothing of and from this Defendant; that Defendant recover its costs of court; and for such other and further relief, at law and in equity, to which Defendant may be entitled.

Respectfully submitted,

/s/ J. Hunter Johnson
**J. HUNTER JOHNSON**
Attorney in Charge
State Bar No.: 10753900
hunter.johnson@fletcherfarley.com

**FLETCHER, FARLEY,
SHIPMAN & SALINAS, L.L.P**
8750 N. Central Expressway, 16th Floor
Dallas, Texas 75231
(214) 987-9600
(214) 987-9866 (Facsimile)

**ATTORNEYS FOR DEFENDANT
CMRE FINANCIAL SERVICES, INC.**

## **CERTIFICATE OF SERVICE**

   This will certify that a true and correct copy of the foregoing has been sent via the ECF system, to all known counsel of record on this the 3rd day of June, 2011.

Mr. Alex Simanovsky
**Alex Simanovsky & Associates, LLC**
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345

            <u>/s/J. Hunter Johnson</u>
            **J. HUNTER JOHNSON**